**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY RAY HORNBECK,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALPATRIA STATE PRISON,<br><br>　　　　　　　　　　Defendant. | Case No. 22-cv-395-MMA (DEB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**<br><br>[Doc. No. 2] |

Petitioner Terry Ray Hornbeck ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C § 2254 and a prisoner trust account statement. See Doc. Nos. 1 (the "Petition"), 2.

### I. IN FORMA PAUPERIS STATUS

A petition for writ of habeas corpus filed pursuant to 28 U.S.C § 2254 must be accompanied by either a $5.00 filing fee or a motion to proceed in forma pauperis ("IFP") together with a trust account statement that reflects the funds the petitioner has on deposit at the prison where he is incarcerated. See Rule 3(a), 28 U.S.C. foll. § 2254. Petitioner has not filed a motion to proceed IFP. However, Petitioner filed an inmate trust account statement, *see* Doc. No. 2, which the Court liberally construes as a motion to proceed IFP.

The Petitioner's trust account statement reflects a current balance of $0.10.  Doc. No. 2.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS** Petitioner's application to proceed IFP, and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security.  The Court **DIRECTS** the Clerk of the Court to file this Petition for writ of habeas corpus without prepayment of the filing fee.

## II. Failure to Name a Proper Respondent

For a federal habeas petition, a state prisoner must name the state officer that has custody of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id.*

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'"  *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has incorrectly named "Calipatria State Prison" as Respondent.  In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation.  *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## III. Failure to State a Cognizable Claim On Habeas Corpus

Further, upon review of the Petition, it appears that a petition for writ of habeas corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents.  Challenges to the fact or duration of confinement are brought by petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–500 (1973); *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 935. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Preiser*, 411 U.S. at 499; *Nettles*, 830 F.3d at 935.

Here, Petitioner alleges he is not receiving proper medical care in prison, is not being given access to educational programs, has not had a proper custody classification hearing, and is being discriminated against. Doc. No. 1 at 3–4.[1] Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. § 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480–85 (1994); *Nettles*, 830 F.3d at 935. It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner IFP status. The Court **DISMISSES** this case without prejudice and with leave to amend for the reasons stated above. If Petitioner wishes to proceed with this case, he must file a First Amended Petition that cures the pleading deficiencies outlined in this Order on or before **June 20, 2022**. If Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

number.  The Clerk of Court is **DIRECTED** to mail Petitioner a blank 28 U.S.C § 2254 First Amended Petition form and a blank 42 U.S.C. § 1983 Civil Rights Complaint form together with a copy of this Order.

      **IT IS SO ORDERED**.

Dated:  April 12, 2022

*/s/ Michael M. Anello*

HON. MICHAEL M. ANELLO
United States District Judge